FRANK, Acting Chief Judge.
Daniel S. Pesut, a former securities dealer, sought an injunction requiring the National Association of Securities Dealers (NASD) to expunge from their records some allegedly defamatory U-5 forms. Form U-5 is the designation for Uniform Termination Notice for Securities Industry Registration, which is required by the United States Securities and Exchange Commission and the state securities commissions to be filed with the NASD by a securities firm on behalf of a registered securities representative. In this lawsuit the NASD claimed that Section 17 of the Exchange Act and Rules 17a-l and 17a-6 required the NASD to retain its records for at least five years, including records relating to *882 employment and termination of registered representatives. 15 U.S.C. § 78q(a); 17 C.F.R. §§ 240.17a-l, 240-17a-6. Thus, claimed the NASD, it could not expunge the allegedly defamatory material from the U-5 forms filed by Pesut’s former employer, Prudential Securities, Inc.
The trial court agreed with the NASD’s arguments and accordingly dismissed Count III of Plaintiffs Second Amended Complaint, thereby dismissing the NASD as a party. Count I for legal malpractice and unauthorized practice of law and Count II for tor-tious interference with existing and future business relationships remained pending against Prudential Securities, one of its managers, and one of its corporate attorneys.
In its memorandum of law in support of its motion to dismiss, the NASD claimed that it was prohibited by federal and state law from expunging plaintiffs registration forms and could not provide the relief sought by the plaintiff. The NASD further claimed, however, that it
can and will abide by an order of a court or quasi-judicial entity to expunge portions of Pesut’s CRD database record if the information in that record is found to be false and defamatory. The NASD would comply with such an order without remaining a party to this action.
The trial judge, on the basis of this representation, dismissed Count III of the Amended Complaint with prejudice, explicitly reciting the NASD’s agreement that in the event of a finding that the U-5 forms contain defamatory or false content, the trial court would enter judgment requiring the NASD to expunge the false and defamatory portions of Pesut’s U-5’s.
Implicit in the trial court’s dismissal of Pesut’s complaint against the NASD was a finding that the complaint failed to state a cause of action under Florida Rule of Civil Procedure 1.140(b)(6), because the relief sought was not available to the plaintiff.[1] The trial court erred, however, by going outside the four corners of the complaint in deciding the motion to dismiss and by attempting to retain jurisdiction to provide a remedy sought by the plaintiff. Explicitly, Pesut had requested a mandatory injunction “compelling the NASD to take all action necessary to expunge from the plaintiffs public record the incomplete, inaccurate, and misleading U-5 Form information filed by its member, PSI.” In its dismissal order, the trial court in fact fashioned potential relief for the plaintiff. The trial court further erred in attempting to retain jurisdiction over the NASD even though it had dismissed that party with prejudice. Accordingly, we reverse the order under review and remand with directions for the trial court to reinstate Count III of the second amended complaint.
PARKER and WHATLEY, JJ., concur.

. It appears that the NASD, in moving to dismiss the complaint on the ground that it “fail[ed] to state a claim upon which relief can be granted," confused the standard in rule 12(b)(6), Federal Rules of Civil Procedure, with the "failure to state a cause of action” standard of rule 1.140(b)(6), Florida Rules of Civil Procedure.